UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT A. POWER (#528218)

VERSUS                                    CIVIL ACTION

BURL CAIN, ET AL                          NUMBER 13-295-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 14, 2015.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROBERT A. POWER (#528218)

VERSUS                                               CIVIL ACTION

BURL CAIN, ET AL                                     NUMBER 13-295-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss which shall be treated as a motion for summary judgment.[1] Record document numbers 36, 44. The motion is opposed.[2]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Legal Programs Director Trish Foster and Warden Robert Butler. Plaintiff alleged that his legal mail was lost, he was barred from proceeding in two courts as a result of the failure by legal programs personnel to perform their jobs efficiently, and prison officials have refused to respond to his administrative grievance, all in

---

[1] On December 16, 2014, the parties were notified that the defendants' motion to dismiss shall be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. In addition, the parties were granted additional time to present all the material that is pertinent to the motion which may be properly considered under Rule 56.

[2] Record document number 37, 45.

violation of his constitutional rights. Plaintiff sought monetary damages and injunctive relief.

Plaintiff supplemented his complaint to allege that the Legal Programs department refused to answer his Administrative Remedy Procedure (hereafter "ARP").[3] Plaintiff further alleged that his state court criminal proceedings were injured and any chance of challenging his conviction is nonexistent.

After the defendants filed their Motion to Dismiss, the plaintiff filed a Motion to Object and Amend Suit.[4] The motion was granted in part, and the plaintiff's complaint was deemed amended by attachment of the 3-1-13 letter to LeBlanc regarding ARP LSP-2012-3785 and the Supplemental Report to ARP LSP-2012-3785.[5] A supplemental ruling was later issued recognizing the motion also as a Rule 41(a), Fed.R.Civ.P., dismissal the plaintiff's claims against defendants Burl Cain, Robert Butler and James LeBlanc.[6]

Defendant Trish Foster moved for summary judgment relying on a statement of undisputed facts and the results of ARP LSP-2012-3785.[7]

---

[3] Record document number 5.

[4] Record document number 37.

[5] Record document number 38.

[6] Record document number 42.

[7] Defendant Foster moved for summary judgment only on the plaintiff's official capacity and compensatory damages claims.
(continued...)

## I. Factual Allegations

Plaintiff alleged that on three separate occasions his legal mail was lost. Plaintiff alleged that as a result he has been barred from proceeding with litigation by two courts.

Plaintiff alleged that prison administrators refused to answer his ARP because they do not want him to proceed to court. Plaintiff alleged that he was repeatedly asked to dismiss ARPs. Plaintiff alleged that the Legal Programs department refused to answer his ARP because the complaint is against the department.

Plaintiff alleged that he is being denied access to the courts, and as a result the period in which he can challenge his criminal conviction through state habeas corpus and post-conviction relief will soon elapse. Plaintiff alleged that his criminal proceedings were injured and he has no chance of challenging his conviction.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in

---

[7](...continued)
Foster did not move for summary judgment on the merits of the plaintiff's access to courts and administrative grievance claims.

evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Official Capacity**

Defendant argued that she is entitled to Eleventh Amendment immunity insofar as the plaintiff sued her in her official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting

4

under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against defendant Foster insofar as she was sued in her individual capacity for actions taken by her under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendant in her official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

**C. Compensatory Damages**

Defendant argued that the plaintiff's claims are subject to

5

dismissal pursuant to 42 U.S.C. § 1997e(e) because the plaintiff failed to allege that he sustained a physical injury.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar a plaintiff's ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

A review of the allegations showed that the plaintiff failed to allege that he sustained a physical injury as a result of the defendant's alleged actions.  Therefore, the plaintiff is prohibited from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e).  Although the plaintiff did not seek punitive damages, he is not prohibited from recovering nominal damages. Plaintiff must also prove a deprivation of a constitutional right to obtain relief in the form of nominal damages.

## RECOMMENDATION

It is the recommendation of the magistrate judge that defendant's Motion to Dismiss, treated as a motion for summary judgment, be granted in part, dismissing only the plaintiff's official capacity compensatory damages claims against defendant

Trish Foster, that the motion be denied insofar as the plaintiff sought injunctive relief against defendant Foster, and that this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, January 14, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE